Jordon R. Harlan, Esq. (CA #273978)
**HARLAN HILLIER DIGIACCO LLP**
701 Island Avenue, Second Floor
San Diego, CA 92101
Telephone: (619) 330-5120
Facsimile: (619) 839-3895
Email: jordon@hhdlaw.com

Anna R. Rick, Esq. (MN ID #0401065)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: arick@johnsonbecker.com

***Attorneys for Plaintiff, Yvonne Villian Montgomery***

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE VILLIAN MONTGOMERY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Strict Products Liability<br><br>2. Negligent Products Liability<br><br>3. Breach of Implied Warranty of Merchantability |

Plaintiff, **YVONNE VILLIAN MONTGOMERY** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN HILLIER DIGIACCO LLP**, hereby submit the following Complaint

and Demand for Jury Trial against Defendant, **LOWE'S HOME CENTERS, LLC** and allege the following upon personal knowledge and belief, and investigation of counsel:

### NATURE OF THE CASE

1. Defendant markets, imports, distributes and sell a wide-range of consumer products, including the subject "Highland 6 QT Pressure Cooker," which specifically includes the Model Number MY-CS6004W (referred to hereafter as "Pressure Cooker(s)").

2. Defendant touts that their pressure cookers are designed with "9-Proven safety mechanisms" for pressure cooker purport to keep the lid from being opened while the unit is under pressure for "safety and peace of mind". [1]

3. Despite Defendant's claims of "safety," they marketed, imported, distributed and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to their consumers.

4. Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the Pressure Cooker is removable with built-up pressure, heat and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the Pressure Cooker retained pressure, causing her serious and substantial bodily injuries and damages.

5. Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell their Pressure Cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to timely recall the dangerously defective pressure cookers regardless of

[1]https://www.lowes.com/pd/Highland-Highland-6-QT-Pressure-Cooker/5002070285 (last accessed March 26, 2026).

the risk of significant injuries to Plaintiff and consumers like her.

6. Defendant ignored and/or concealed its knowledge of these defects in their pressure cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers.

7. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

### PLAINTIFF YVONNE VILLIAN MONTGOMERY

8. Plaintiff is a resident and citizen of the city of Vacaville, County of Solano, State of California.

9. On or about April 20, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be opened while the Pressure Cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing their scalding hot contents to be forcefully ejected from the Pressure Cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cookers supposed "9-Proven safety mechanisms," which purport to keep the consumer safe while using the pressure cooker.

### DEFENDANT LOWE'S HOME CENTERS, LLC

10. Defendant markets, imports, distributes and sells a variety of consumer products, including the Highland pressure cooker at issue in this case.

11. Lowe's Home Centers, LLC is a limited liability company. Its sole member is Lowe's Companies, Inc., a corporation incorporated in North Carolina with its principal place of business in Mooresville, North Carolina. Because this action is predicated on diversity jurisdiction, Defendant identifies the member of Lowe's Home Centers, LLC and its citizenship. The sole member, Lowe's Companies, Inc., is a citizen of North Carolina. Accordingly, Lowe's Home Centers, LLC is a citizen of North Carolina.

///

COMPLAINT AND DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

14.    Defendant are engaged in the business warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

15.    Defendant touts that their pressure cookers are designed with "9-Proven safety mechanisms" for pressure cooker purport to keep the lid from being opened while the unit is under pressure for "safety and peace of mind":



**EXCLUSIVE**

(a)  As low as $18/mo with **affirm**. See If You Qualify

- Multi-function 8-in-1 cooker (rice cooker, sauté, warmer, soup maker, pressure cooker, yogurt, steamer and slow cooker)
- 15 Pre-programmed functions for versatility (Meat, Poultry, Vegetables, Steam, Saute, Slow Cook, White Rice, Brown Rice,…
- 9-Proven safety mechanisms for pressure cooker safety and peace of mind

*See* https://www.lowes.com/pd/Highland-Highland-6-QT-Pressure-Cooker/5002070285

16.    Because of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased their Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for their intended, foreseeable use of cooking.

17.    Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and

foreseeable by Defendant.

18.    However, the aforementioned pressure cooker failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

19.    Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

20.    Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong and put innocent consumers like Plaintiff directly in harm's way.

21.    Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

22.    As a direct and proximate result of Defendant's concealment of such defects, its failure to warn consumers of such defects, their negligent misrepresentations, and its failure to remove a product with such defects from the stream of commerce, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the pressure cooker.

23.    Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

///

///

///

///

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGAINST LOWE'S HOME CENTERS, LLC, ALLEGES AS FOLLOWS:

24.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

25.    At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

26.    Defendant's pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendant.

27.    Plaintiff did not misuse or materially alter the pressure cooker.

28.    The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

29.    Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

    a. The pressure cookers sold and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from their normal, intended use;

    c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d. Defendant failed to warn and place adequate warnings and instructions on

COMPLAINT AND DEMAND FOR JURY TRIAL

the pressure cookers;

e. The pressure designed, manufactured, sold, and supplied by Defendant were not compliant with industry standards, including UL 136 and/or UL 1026;

f. Defendant failed to adequately test the pressure cookers;

g. Defendant failed to perform an adequate Failure Modes and Effects Analysis ("FMEA") on its pressure cookers; and

h. Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

30. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper.

**SECOND CAUSE OF ACTION**

**<u>NEGLIGENT PRODUCTS LIABILITY</u>**

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGAINST LOWE'S HOME CENTERS, LLC, ALLEGES AS FOLLOWS:

31. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

32. Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

33. Defendant failed to exercise ordinary care in the warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of their pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

7

COMPLAINT AND DEMAND FOR JURY TRIAL

34. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of their pressure cookers in that, among other things, they:

a. Failed to use due care in marketing and warning of the pressure cookers to avoid the aforementioned risks to individuals;

b. Failed to adequately test the pressure cookers subject to the applicable industry standards, including UL 136 and/or UL 1026;

c. Placed an unsafe product into the stream of commerce;

d. Failed to perform an adequate Failure Modes and Effects Analysis ("FMEA") on its pressure cookers; and

e. Were otherwise careless or negligent.

35. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market their pressure cookers to the general public.

36. Defendant's negligence was the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory and punitive damages, according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper.

## THIRD CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGAINST LOWE'S HOME CENTERS, LLC, ALLEGES AS FOLLOWS:

37. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

38. At the time Defendant marketed, distributed, and sold its pressure cookers to the Plaintiff in this case, Defendant warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

8
COMPLAINT AND DEMAND FOR JURY TRIAL

39.     Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

40.     Defendant's pressure cookers were not merchantable and fit for its ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

41.     Plaintiff in this case used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

42.     Defendant's breach of the implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory and punitive damages, according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper.

## INJURIES & DAMAGES

43.     As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

44.     As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

45.     As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns

COMPLAINT AND DEMAND FOR JURY TRIAL

she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic damages, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendant's defective pressure cooker;

D. That all costs be taxed against Defendant;

E. That prejudgment interest be awarded according to proof; and

///

///

///

///

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

F.  That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Dated: <u>March 31, 2026</u>                    **HARLAN HILLIER DIGIACCO LLP**


                                                */s/ Jordon R. Harlan, Esq.*

                                                Jordon R. Harlan, Esq. (CA #273978)
                                                701 Island Avenue, Second Floor
                                                San Diego, CA 92101
                                                Telephone: (619) 330-5120
                                                Facsimile: (619) 839-3895
                                                Email: jordon@hhdlaw.com

                                                *In association with*:

                                                Anna R. Rick, Esq. (MN ID #0401065)
                                                *Pro Hac Vice to be filed*
                                                **JOHNSON BECKER, PLLC**
                                                444 Cedar Street, Suite 1800
                                                St. Paul, MN 55101
                                                Telephone: (612) 436-1800
                                                Fax: (612) 436-1801
                                                Email: arick@johnsonbecker.com

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

Dated: <u>March 31, 2026</u>              **HARLAN HILLIER DIGIACCO LLP**


                                         <u>*/s/ Jordon R. Harlan, Esq.*          </u>

                                         Jordon R. Harlan, Esq. (CA #273978)
                                         701 Island Avenue, Second Floor
                                         San Diego, CA 92101
                                         Telephone: (619) 330-5120
                                         Facsimile: (619) 839-3895
                                         Email: jordon@hhdlaw.com

                                         *In association with*:

                                         Anna R. Rick, Esq. (MN ID #0401065)
                                         *Pro Hac Vice to be filed*
                                         **JOHNSON BECKER, PLLC**
                                         444 Cedar Street, Suite 1800
                                         St. Paul, MN 55101
                                         Telephone: (612) 436-1800
                                         Fax: (612) 436-1801
                                         Email: arick@johnsonbecker.com